**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 10-cv-02404-WJM-CBS

HOMAIDAN AL-TURKI,

    Plaintiff,

v.

TRAVIS TRANI, individually, and in his official capacity as former Warden of Limon Correctional Facility,
PAULA FRANTZ, individually, and in her official capacity as Chief Medical Officer for the Colorado Department of Corrections,
JOAN SHOEMAKER, individually, and in her official capacity as Director of Clinical Services for the Colorado Department of Corrections,
DEEANN KAHLER, individually, and in her official capacity as Health Services Administrator for Limon Correctional Facility,
WILLIAM RUSHER, individually, and in his official capacity as Duty Officer for Limon Correctional Facility,
RANDY LIND, individually, and in his official capacity as Custody Control Manager for Limon Correctional Facility,
JOHN STIREWART, individually, and in his official capacity as Shift Commander for Limon Correctional Facility,
RICHARD HOWARD, individually, and in his official capacity as Shift Commander for Limon Correctional Facility,
RAY BOETKER, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
FNU JOHNSON, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
JOSEPH BALLARD, individually, and in his official capacity as Corrections for Limon Correctional Facility,
RICHARD SUTTCLIFFE, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
ERIC KATICA, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
WILLIAM NELSON, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
DAVID MAGGARD, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
HECTOR LOZANO, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
BOB EBERLE, individually, and in his official capacity as Corrections Officer for Limon Correction Facility,
WENDY CHATTERTON, individually, and in her official capacity as Corrections Officer

for Limon Correctional Facility,
SCOTT BUSHONG, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
CLINT FLORY, individually, and in his official capacity as Corrections Officer for Limon Correctional Facility,
MARY SUSAN ROBINSON, RN, individually, and in her official capacity as Nurse for Limon Correctional Facility,
SHERRY JASPER, RN, individually, and in her official capacity as Nurse for Limon Correctional Facility, and
GAILEEN CORWELL, RN, individually, and in her official capacity as Nurse for Limon Correctional Facility,

Defendants.

---

## ORDER DENYING WITHOUT PREJUDICE AS MOOT DEFENDANTS' MOTION TO DISMISS

---

This matter is before the Court on Defendants' Motion to Dismiss, ECF No. 31, filed on January 18, 2011. Magistrate Judge Craig B. Shaffer granted Plaintiff's Motion for Leave to File Revised Third Amended Complaint Joining Former Defendants and to Amend Case Caption Accordingly, ECF No. 71, on July 26, 2011. (Courtroom Minutes, ECF No. 73.) Plaintiff's Third Amended Complaint, ECF No. 71-1, is now the operative complaint in this case.

The filing of an amended complaint moots a previously-filed motion to dismiss. *See, e.g., Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 148269, at *1 (D. Colo. Jan. 11, 2010) (unpublished) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded." (citations omitted)); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (unreported decision) (finding

that an amended complaint superseded the original complaint, and, accordingly, denying "defendant's motion to dismiss the original complaint . . . as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (stating that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Therefore, it is ORDERED that Defendants' Motion to Dismiss, ECF No. 31, is DENIED without prejudice as MOOT.

Dated this 1st day of August, 2011.

BY THE COURT:

William J. Martinez
United States District Judge