**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 10-cv-02404-WJM-CBS

Homaidan Al-Turki,

    Plaintiff,

v.

Joseph Ballard, et al.,

    Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

It is hereby stipulated by plaintiff Homaidan Al-Turki and defendants Joseph Ballard, Wendy Chatterton, Bob Eberle, Richard Howard, Hector Lozano, David Maggard, Mary Robinson, William Rusher, John Stirewalt, and Howard Sutcliffe (collectively, "Defendants") as follows:

To the extent required under the Federal Rules of Civil Procedure, Plaintiff has produced certain confidential corrections records and medical records and may in the future produce additional confidential corrections records and medical records (including mental health records) and related expert reports that are of greater sensitivity and warrant heightened protection from disclosure. Additionally, Plaintiff has executed releases authorizing the production of otherwise confidential corrections records and medical records to Defendants.

To the extent required under the Federal Rules of Civil Procedure, Defendants,

or some of them, may produce certain confidential personnel and employment records and/or Colorado Department of Corrections records that are of greater sensitivity and warrant heightened protection from disclosure.

To the extent required under the Federal Rules of Civil Procedure, certain third parties may produce documents that some or all parties believe are of greater sensitivity and warrant heightened protection from disclosure.

Accordingly, Plaintiff and Defendants have agreed that the above-referenced information and the documents reflecting that information shall be produced in this litigation under the following terms and conditions:

1. The above-referenced documents may be marked "Confidential" (such documents and the information reflected therein shall be referred to as "Confidential Information") by the party producing such documents or, in the case of documents produced by third-parties, by any party receiving such documents. Materials produced by the parties prior to entry of this Stipulated Protective Order (identified on Exhibit 1 hereto) which were not marked as "Confidential" shall be deemed to be Confidential Information for purposes of this Stipulated Protective Order. Materials produced by the parties prior to entry of the Stipulated Protective Order marked as "Confidential" at the time of production shall be deemed to be Confidential Information for purposes of this Stipulated Protective Order. Additionally, materials received by Defendants pursuant to releases executed by Plaintiff shall be deemed to be Confidential Information for purposes of this Stipulated Protective Order unless Plaintiff expressly agrees otherwise.

Defendants agree to mark any records received pursuant to a release executed by Plaintiff as "Confidential" unless Plaintiff expressly agrees that such materials are not Confidential Information.

2. The producing party will provide copies of the documents that are marked "Confidential" or deemed to be Confidential Information only to counsel of record for any other party with the express understanding that counsel shall not disclose those documents or any of the information contained therein except as follows:

   a. To the Court and stenographic reporters in this action;

   b. To attorneys of record in this action as well as their associated lawyers, legal assistants, and secretarial and clerical personnel engaged in assisting them in this litigation;

   c. To an insurance representative, if any, whose policies could apply to the allegations of the Complaint;

   d. To the parties and their representatives, deponents and witnesses;

   e. To expert witnesses in this action; and

   f. To other persons by written agreement of the parties.

3. A subset of the information characterized as Confidential Information may be designated Confidential – Attorneys Only Information (such records to be marked "Confidential – Attorneys Only").  Any information so designated, including information designated as Confidential – Attorneys Only prior to entry of this Stipulated Protective Order, shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information be

disclosed to:

a. To the Court and stenographic reporters in this action;

b. To attorneys of record in this action as well as their associated lawyers, legal assistants, and secretarial and clerical personnel engaged in assisting them in this litigation;

c. To an insurance representative, if any, whose policies could apply to the allegations of the Complaint;

d. To expert witnesses in this action; and

e. To other persons by written agreement of the parties.

4. Whenever a deposition involves the disclosure of Confidential Information or Confidential – Attorneys Only Information, the deposition or portions thereof shall be designated as "Confidential" or "Confidential - Attorneys Only" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" or "Confidential - Attorneys Only" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.  The provisions of this Section 4 also shall apply to all depositions conducted prior to entry of this Stipulated Protective Order.

5. Other than with respect to Plaintiff's corrections and medical records received pursuant to a release executed by Plaintiff, any party may object to the designation of records as "Confidential" or "Confidential – Attorneys Only" by

another party. Such objections shall be treated in a manner consistent with any other discovery disputes in this matter in that the parties shall first confer in an attempt to resolve such a dispute. Failing to resolve such a dispute informally, the parties next shall arrange a conference call with Magistrate Judge Shaffer for purpose of resolving such dispute. Only after such a conference with the Magistrate Judge and with leave of the Court shall any objecting party file a motion raising an objection to the designation of records or testimony as "Confidential" or "Confidential – Attorneys Only."

6. Before disclosing Confidential Information to any individual to whom disclosure is permitted under subparagraph (c), (d), (e) and/or (f) of paragraph 2 or subparagraph (c), (d) and/or (e) of paragraph 3, counsel shall require that each individual to whom the protected document or information is to be disclosed sign a copy of the agreement attached hereto as Exhibit 2 (the "Non-Disclosure Agreement"), in which the individual represents that he or she has read this Stipulated Protective Order (the "Order") and agrees not to disclose Confidential Information and/or Confidential – Attorneys Only Information. All Non-Disclosure Agreements shall be maintained by counsel of record. A copy of any such Non-Disclosure Agreement shall be provided upon request.

7. Disclosure of Confidential Information and/or Confidential – Attorneys Only Information shall be made to no other person besides those listed in paragraphs 2 or 3, as applicable, of this Order without the express written consent of the producing party or by order of the Court.

8. If any party intends to submit to the Court any pleading, depositions, affidavits or other pre-trial filings which contain or quote the contents of any Confidential Information or Confidential – Attorneys Only Information, that party shall submit such documents in the manner set forth in D.C.COLO.LCivR 7.2.

9. This Order shall regulate the handling of Confidential Information and Confidential – Attorneys Only Information during the pre-trial period of this litigation and shall not preclude the presentation of evidence, exhibits or testimony at trial. Individuals to whom Confidential Information and Confidential – Attorneys Only Information have been disclosed under the provisions of this Order shall not be released from their obligations under this Order through such use.

10. Notwithstanding the provisions of this Order, Plaintiff is free to disclose the Confidential Information produced by Plaintiff to any person, and such disclosure shall not be deemed a waiver of the protection of this Order.

11. Within sixty (60) days of the final termination of this action, including all appeals, counsel shall return or destroy all Confidential Information and all Confidential – Attorneys Only Information and shall destroy all working copies thereof in their possession or under their control.  Upon the written request of the party that produced such documents, counsel for all other parties shall execute and deliver a certificate of compliance with the provisions of this paragraph.  Notwithstanding the foregoing, counsel of record may retain in its files a complete set of filings with the Court, deposition transcripts, any written discovery requests and responses, and any Confidential Information and/or Confidential – Attorneys Only Information

required to be maintained in counsel's files as required by counsel's respective professional rules of ethics and pursuant to the Colorado Supreme Court's rules regarding maintenance of closed files, as long as the confidentiality of the Confidential Information and/or Confidential – Attorneys Only Information is maintained.

12. This Order does not preclude a party from seeking immediate relief from this Order on such notice as is appropriate under the circumstances, or from seeking such other relief or protective orders as may be appropriate under the Federal Rules of Civil Procedure.  Any party hereto may apply to the Court for modification of or release from this Order, whereupon the other parties shall have fifteen (15) days in which to respond. Prior to any such application, the party seeking such modification or release shall confer with the other parties and seek agreement to such modification or release.  The parties may, by mutual consent, modify the terms of this Order without prior approval of the Court.  The effective date of any agreed modification shall be the date of the filing of the signed modification Order with the Court.

Dated this __28th__ day of November, 2011.

                                              BY THE COURT

                                              s/Craig B. Shaffer
                                              CRAIG B. SHAFFER
                                              United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ James Brennan | s/ Gillian Dale |
| Gail K. Johnson | Andrew D. Ringel |
| James Brennan | Gillian Dale |
| Eric K. Klein | Hall & Evans, L.L.C. |
| Johnson & Brennan, PLLC | 1125 Seventeenth St., Ste. 600 |
| 1401 Walnut St., Ste. 201 | Denver, CO 80202-2052 |
| Boulder, CO 80302 | Phone: 303-628-3300 |
| Telephone: (303) 444-1885 | Facsimile: 303-293-3238 |
| Facsimile: (866) 340-8286 | ringela@hallevans.com |
| jbrennan@johnson-brennan.com | daleg@hallevans.com |
| gjohnson@johnson-brennan.com | |
| eklein@johnson-brennan.com | Attorneys for Defendants Ballard, Lozano, Maggard and Stirewalt |
| Attorneys for Plaintiff Homaidan Al-Turki | |

| | |
|---|---|
| s/ Rachel A. Morris | s/ Kristine K. Hayter |
| William A. Rogers, III | Kristine K. Hayter |
| Rachel A. Morris | Cain & Hayter, LLP |
| Wood, Ris & Hames, P.C. | 1555 Quail Lake Loop, Suite 100 |
| 1775 Sherman Street, #1600 | Colorado Springs, CO 80906 |
| Denver, CO 80203-4313 | Phone: (719) 575-0010 |
| Telephone: (303) 863-7700 | Facsimile: (719) 575-0020 |
| Facsimile: (303) 830-8772 | khayter@cainhayter.com |
| rmorris@wrhlaw.com | |
| wrogers@wrhlaw.com | Attorney for Defendants Chatterton, Eberle, Howard, Rusher and Sutcliffe |
| Attorneys for Defendant Mary Susan Robinson | |

## Exhibit 1

The following materials produced prior to entry of this Stipulated Protective Order have not been stamped "Confidential" but shall be treated by the parties as Confidential Information under the terms of the Stipulated Protective Order:

1. Documents produced by Plaintiff with bates numbers HAKS00000001-14, and HAKS00000027, HAKS00000031-331 (certain medical and prison records of Plaintiff).

2. Documents produced by Defendant Robinson with bates numbers Robinson000001- Robinson000346 shall be deemed to be Confidential Information for purposes of this Stipulated Protective Order (certain medical records of Plaintiff).

3. Documents produced by Defendants Ballard, Lozano, Maggard and Stirewalt with bates numbers DOC/Al-Turki 0001-0487.

**Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 10-cv-02404-WJM-CBS

Homaidan Al-Turki,

    Plaintiff,

v.

Joseph Ballard, et al.,

    Defendants.
_____

**NON-DISCLOSURE AGREEMENT**
_____

I, _____, do hereby certify as follows:

1. My address is _____.

2. I have received a copy of the Stipulated Protective Order (the "Order") in this case.

3. I have carefully read and fully understand the provisions of the Order.

4. I agree to comply strictly with all of the provisions of the Order.

5. I will not show or disclose any Confidential Information and/or Confidential – Attorneys Only Information in any form to persons other than those specifically authorized by the Order, and I will not use any Confidential Information and/or Confidential – Attorneys Only Information for any purposes other than this litigation.

6. I will return all Confidential Information and/or Confidential – Attorneys Only Information including, without limitation, any summaries, abstracts, and/or copies thereof that come into my possession and any documents or things that I have

**Exhibit 2**

2

    prepared relating thereto to counsel supplying them to me or to successor counsel of record for the parties, if any.

7. I understand that violation of the Order may constitute contempt of Court and that the parties or any of them may assert remedies against me for such violation.

I declare under the penalty of perjury that the foregoing is true and correct.


Dated:_____                                              Signed:_____