**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02404-WJM-CBS

HOMAIDAN AL-TURKI,

    Plaintiff,

v.

MARY SUSAN ROBINSON, RN,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR
SUPPLEMENTAL JUROR QUESTIONNAIRE AND INDIVIDUAL *VOIR DIRE***

---

    Plaintiff Homaidan Al-Turki ("Plaintiff") brings this case against Defendant Mary Susan Robinson, RN ("Defendant") in her individual capacity claiming a violation of his Eighth Amendment rights under 42 U.S.C. § 1983.  (ECF No. 79.)  Plaintiff's claim arises out of an incident occurring on the night of October 5–6, 2008 in the prison where Plaintiff was then incarcerated, in which Plaintiff complained of severe pain (later discovered to result from kidney stones), and Defendant, the nurse on duty at the prison, refused to see him.  (*Id.*)  This case is set for a five-day jury trial commencing on Monday, November 16, 2015, with the Final Trial Preparation Conference set for October 30, 2015.  (ECF No. 236.)

    This matter is before the Court on Plaintiff's Motion for Supplemental Juror Questionnaire and Individual *Voir Dire* Due to Prejudicial Publicity and Sensitive Subjects (the "Motion").  (ECF No. 293.)  Defendant filed a Response to the Motion on October 28, 2015.  (ECF No. 311.)  For the reasons set forth below, the Motion is denied.

## I. DISCUSSION

Plaintiff's Motion asks the Court to conduct jury selection in this matter via a juror questionnaire and individual sequestered *voir dire*, because discussions in open court regarding the negative media publicity affecting Plaintiff could taint the entire venire. (ECF No. 293 at 1–3.)  Plaintiff further argues that other sensitive issues, such as Plaintiff's medical condition and potential juror prejudice against Arabs, Muslims, convicted criminals, or prisoners, militate in favor of these procedures.  (*Id.* at 4–6.) Plaintiff proposes a venire of 50 jurors to complete the juror questionnaire and subsequent individualized *voir dire* on November 16, 2015, the first day of trial, so that counsel may review the questionnaires and the jury may be selected to begin trial on November 17, 2015.  (*Id.* at 7.)

Defendant objects to Plaintiff's proposal and challenges each of Plaintiff's arguments.  First, Defendant contends that Plaintiff has failed to provide any details about the pretrial publicity in this matter, and none of the alleged publicity has anything to do with the the issues in this case, and argues that Plaintiff has therefore failed to show that any prejudice may arise. (ECF No. 311 at 1–3.)  The Court rejects this argument.  Defendant's position with respect to Plaintiff's Motion *in Limine* was based in part on the existence of rumors, often stemming from media reports, suggesting a link between Plaintiff and the murder of Tom Clements, as well as alleging Plaintiff's connections to terrorism.  (*See* ECF No. 287-1 at 6.)  While the instant Motion does not directly cite or attach any such media reports, the Court takes judicial notice of their existence.  Furthermore, the Court has already ruled that the "extremely high" risk of prejudice from admitting evidence as to these topics is sufficient to exclude such

2

evidence at trial. (ECF No. 302 at 17–18.) The Court therefore finds that Plaintiff's Motion raises a potential concern with respect to prejudice from jurors' pretrial exposure to such media reports, and the Court must consider measures to prevent such prejudice.

However, the Court agrees with Defendant that Plaintiff's cited authority—which supports a finding that sequestered *voir dire* and juror questionnaires may be necessary in capital punishment and other criminal cases (*see* ECF No. 293 at 3, 5)—does not indicate anything about the need to use these procedures in civil cases such as the instant action. (ECF No. 311 at 4–6.) Furthermore, as Defendant appropriately notes, the procedures Plaintiff seeks would necessarily expand jury selection beyond a full day, causing excessive and undue delay in the proceedings. (*Id.* at 7–10.) The Court therefore finds that Plaintiff has failed to establish that these extraordinary procedures are necessary here, and intends to conduct *voir dire* as per the Court's general practice, in a group courtroom setting without a prior questionnaire.

However, in order to prevent the existence of prejudicial media reports from being disclosed to the entire venire, the Court will include in its own *voir dire* a question as to any potential juror's knowledge of or exposure to any media reports about Plaintiff. Should any member of the venire indicate such knowledge or exposure, the Court will conduct a further inquiry with that individual in a sidebar with counsel, so as to prevent the remaining venire members from being tainted. This procedure will adequately address Plaintiff's concerns without causing significant delay. Due to the possibility that this process may cause more potential jurors to be excused for cause than is typical, the Court will call a significantly enlarged jury venire to ensure successful

empaneling of a jury of eight individuals.[1]

Finally, the Court agrees with Defendant that the other "sensitive matters" Plaintiff cites, including his race, ethnicity, religion, nationality, medical conditions, and status as a convicted felon and prisoner, are routine matters which do not merit special procedures during jury selection. (*See id.* at 7.) A plaintiff's need to ferret out potential jurors' prejudices is typical of any civil case, and the Court is not convinced that hearing one potential juror voice his or her prejudice will taint another. As per the Court's general practice, should a potential juror wish to discuss his or her concerns outside the hearing of the rest of the venire, the Court will permit that individual to do so in a sidebar, ensuring that the potential juror's candor will not be sacrificed.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Supplemental Juror Questionnaire and Individual *Voir Dire* Due to Prejudicial Publicity and Sensitive Subjects (ECF No. 293) is DENIED.

Dated this 29th day of October, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] Plaintiff does not explicitly move for an enlarged venire, but proposes in the "Logistical details" section of his Motion that the Court call a pool of 50 potential jurors. (ECF No. 293 at 6.) The Court rejects the request for a venire of 50, but agrees that an enlarged jury pool is appropriate here.